299 So.2d 149 (1974)
Sharon POTVIN, a Minor through Her Father, Joseph Potvin, et al., Appellants,
v.
Oliver K. KELLER, Secretary of Florida State Department of Health and Rehabilitative Services, et al., Appellees.
No. 73-1465.
District Court of Appeal of Florida, Third District.
September 3, 1974.
*150 Warren S. Schwartz, Miami, and Frank H. Holtzman, Coral Gables, for appellants.
Myles, J. Tralins, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Petitioner-appellants seek review of an order vacating and dismissing their writ of habeas corpus to review an adjudication of dependency.
On April 7, 1973 petitioners, Mr. and Mrs. Potvin, had a family argument and Mr. Potvin locked out his wife and three year old daughter, Sharon. Subsequently, Mrs. Potvin and Sharon went downtown where Mrs. Potvin began hallucinating and requested a policeman to take Sharon. Mr. Potvin refused to pick up his daughter at the police station upon being informed that she was there. An emergency hearing was held on April 10, 1973 pursuant to the voluntary relinquishment. Mr. Potvin testified that he could not care for his daughter without his wife and that he was separated from her. Subsequently, a petition alleging dependency was filed by the Division of Family Services, and on May 3, 1973 a hearing was held thereon at which time both Mr. and Mrs. Potvin requested that the State care for their daughter, Sharon. At the close of the hearing, Sharon was adjudicated to be a dependent child and was committed to the custody of the Division of Family Services. Sometime thereafter, the Potvins filed the subject petition for writ of habeas corpus and alleged therein that neither they nor their daughter were represented by counsel nor were advised of their right to be provided *151 with counsel if they could not afford one, and thereby were deprived of the custody of their child and the right to maintain their family as a unit in violation of the 9th and 14th Amendments to the Constitution of the United States. On October 15, 1973 the trial court issued a writ of habeas corpus. After a full hearing on November 6, 1973, the trial court entered its order vacating the writ and dismissing the petition. This appeal followed.
Appellants allege that the due process and equal protection clauses of the 14th Amendment to the U.S. Constitution require that an indigent parent named as a respondent in a dependent child proceeding and a child alleged to be dependent be advised of their respective rights to counsel and that they be entitled to court appointed counsel if they cannot afford lawyers.
This court has held that the constitutional and statutory rights given to persons charged with crimes are not applicable to juvenile court proceedings. In re T.W.P., Fla.App. 1966, 184 So.2d 507. This holding has been modified by In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) only with respect to delinquency proceedings not dependency proceedings.
Turning to the case sub judice, the record clearly demonstrates that the original dependency proceeding involved a voluntary relinquishment of the minor child by the petitioner-appellants and, therefore, in no way could be considered an adversary proceeding which would require the appointment of counsel.
Furthermore, although parents have the "God-given right" to the care, custody and companionship of their children, the right is not absolute but is subject to the overriding principle that it is the ultimate welfare or best interest of the children which must prevail. In re Interest of Camm, Fla. 1974, 294 So.2d 318.
The juvenile court judge found that the petitioners agreed that it would be in the best interest of the minor child to have her adjudicated dependent and committed to the Division of Family Services. There being substantial competent evidence in the record to sustain this determination, we hereby affirm the order vacating the writ of habeas corpus and dismissing appellants' petition.
Affirmed.