313 So.2d 703 (1975)
Sharin POTVIN et al., Appellants,
v.
Oliver J. KELLER et al., Appellees.
No. 46258.
Supreme Court of Florida.
April 30, 1975.
*704 Warren S. Schwartz, Miami, and Frank Holtzman, Coral Gables, for appellants.
Myles J. Tralins, Miami, for appellees.
ENGLAND, Justice.
This is an appeal from the decision of the Third District Court of Appeal, reported at 299 So.2d 149, which affirmed dismissal of appellants' petition for writ of habeas corpus. Appellants had filed their petition to review an earlier court adjudication that their minor child Sharon was a "dependent child" under chapter 39, Florida Statutes, and as such was to be held in the State's temporary custody.
Oral argument having been waived, we are requested on the basis of briefs to find jurisdiction, to reverse the district court, and to issue the writ relinquishing Sharon to appellants. Our jurisdiction is properly invoked under Article V, section 3(b)(1) of the Florida Constitution, as the district court construed the due process and equal protection provisions of the United States Constitution.[1]
The facts giving rise to the original dependency proceeding are set forth in *705 the opinion below. They show, insofar as is relevant here, that appellants voluntarily delivered their daughter Sharon into the temporary custody of the State for her protection and welfare, and that three days after delivery a hearing was conducted to determine whether Sharon should be adjudicated a "dependent child" within the meaning of section 39.01(10), Fla. Stat. Appellants were both present at the hearing, but they were not at that time advised that they had a right to be represented by counsel, or that if they were indigent the State would provide counsel for them. At the hearing they both stated to the trial judge that it was their desire to place Sharon in the custody of the State, for her own well-being. At the close of the hearing, Sharon was adjudicated a dependent child and was committed to the temporary custody of the Division of Family Services. Appellants were given visitation rights consistent with Sharon's welfare, and a formal hearing to review her custody was scheduled for a date six months in the future. No appeal or review of that adjudication was taken.[2]
Prior to the scheduled review hearing, appellants filed a petition for writ of habeas corpus asking for Sharon's return and alleging that they and their daughter were neither represented by counsel nor advised of their right to be provided with counsel. After a formal hearing the court dismissed the petition.[3] The district court affirmed dismissal, stating that constitutional rights given to persons charged with crimes are not applicable to juvenile court proceedings,[4] that appellants had voluntarily relinquished their daughter, and that the record contained competent evidence to show that Sharon's best interests required her commitment to the custody of the State.
Appellants do not here contest the factual basis on which state custody was determined to be in Sharon's best interests. They assert only that the original adjudication of dependency was invalid per se because they were not represented by counsel and had not been advised of their right to counsel. We agree with the district court that the federal constitution does not require counsel in this juvenile dependency case.
We have repeatedly held that the best interests of a child override any parental right to custody when that issue is litigated in a dependency proceeding. In re Interest of Camm, 294 So.2d 318 (Fla. 1974) (custody of parents permanently withdrawn); Noeling v. State, 87 So.2d 593 (Fla. 1956). Where, as here, there is no dispute that the child's welfare required temporary separation from her parents and the parents personally requested state care, the only basis we perceive to invalidate the adjudication is to hold that a failure to provide counsel or to inform parents of their right to counsel invalidates all dependency proceedings. We are unwilling to hold that no amount of parental consent or participation is sufficient to overcome inherent constitutional defects, or that the standards for due process in delinquency proceedings[5] must be applied in all other *706 juvenile proceedings. We prefer the case-by-case approach suggested in Cleaver v. Wilcox, 499 F.2d 940 (9th Cir.1974).
In Cleaver the court indicated that the right to counsel in juvenile dependency proceedings would be determined by the relevant circumstances in each case, and that criteria for offering counsel would include at least (i) the potential length of parent-child separation, (ii) the degree of parental restrictions on visitation, (iii) the presence or absence of parental consent, (iv) the presence or absence of disputed facts, and (v) the complexity of the proceeding in terms of witnesses and documents.[6] The Cleaver criteria not only comport with constitutional due process requirements,[7] they offer a sensible set of guidelines for determining the inherent unfairness of a custody proceeding.[8] Applied to the facts of this case, these guidelines all point to the conclusion that the failure to provide or offer counsel worked no constitutional hardship on appellants.
The district court's order is affirmed.
ROBERTS, BOYD and OVERTON, JJ., concur.
ADKINS, C.J., dissents with opinion with which McCAIN, J., concurs.
ADKINS, Chief Justice (dissenting):
We do not have appellate jurisdiction.
As stated in the majority opinion (see footnote 2) habeas corpus is not available as a substitute for an appeal of the juvenile court's order unless the trial court's adjudication of dependency is attacked on constitutional grounds. The petitioners in habeas corpus grounded the proceedings on the principle that they had been deprived of their rights "without the benefit of counsel in direct violation of the Ninth and Fourteenth Amendments to the Constitution of the United States". A writ of habeas corpus was issued by the Circuit Court and subsequently vacated. This was the initial decision relating to a constitutional question, but did not "construe" the provisions of the Constitution.
Petitioners appealed to the District Court of Appeal and, in their assignments of error, stated that the Circuit Court erred in holding that the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States do not require that an indigent parent named as a respondent in a dependent child proceeding and a child alleged to be dependent be advised of their respective rights to counsel. It was also contended that the United States Constitution requires that they be appointed counsel if they cannot afford lawyers.
The District Court of Appeal in affirming the trial court held that the principles expounded in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) should be applied only with respect to delinquency *707 proceedings and not dependency proceedings.
An opinion or judgment does not construe a provision of the constitution unless it undertakes to explain, define or otherwise eliminate existing doubts arising from the language or terms of the constitutional provision. See Armstrong v. City of Tampa, 106 So.2d 407 (Fla. 1958); Ogle v. Pepin, 273 So.2d 391 (Fla. 1973).
The identical constitutional question was presented to both the Circuit Court and the District Court of Appeal. We have jurisdiction only if the decision of the District Court of Appeal "initially and directly" construed a provision of the State or Federal Constitution. We lack jurisdiction for two reasons: 1) the decision of the District Court of Appeal did not initially and directly construe a provision of the State or Federal Constitution; and 2) in fact the decision did not construe provisions of the Constitution.
The decision of the District Court of Appeal was that the constitutional and statutory rights given to persons charged with crime "are not applicable" to dependency proceedings in juvenile court.
State v. Steinhauer, 216 So.2d 214 (Fla. 1968) involved the right of a juvenile to counsel. The decision of the District Court of Appeal, Steinhauer v. State, 206 So.2d 25 (Fla.App.3d Dist. 1968) was reviewed by petition for writ of certiorari and jurisdiction was invoked because of conflicting decisions. A decision on "right to counsel" has never been considered as one construing the Constitution so as to give this Court appellate jurisdiction.
McCAIN, J., concurs.
NOTES
[1] The trial court order which is the subject matter of this appeal recited without reasons that a previously issued writ of habeas corpus is vacated and that the petition for writ of habeas corpus is dismissed. On appeal of that order the Third District Court of Appeal ruled that there was no constitutional infirmity in the original dependency proceeding despite the fact that the dependent child's parents were not represented by counsel and were not informed of their right to have counsel present. This construction of the United States Constitution was sufficient to confer jurisdiction for our review. Holbein v. Rigot, 245 So.2d 57, 59 (Fla. 1971).
[2] While habeas corpus is not available as a substitute for an appeal of the juvenile court's order, Hall v. Florida Dep't of Pub. Welfare, 226 So.2d 39 (4th Dist.Ct.App.Fla. 1969), it is available as a remedy if the trial court's adjudication of dependency was unconstitutional. Richardson v. State ex rel. Milton, 219 So.2d 77 (3d Dist.Ct.App.Fla. 1969).
[3] During that hearing appellant's counsel stated:

"The only issue we submit is involved here is whether due process requires the appointment of counsel. We are not arguing the fact or facts the Potvins are incapable of caring for these children."
[4] This statement may be too broad in light of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). It correctly reflects Florida law, however, with respect to dependency proceedings under section 39.11(2) (a), Fla. Stat., as we now hold and as previously opined by the Attorney General. See Opin. Fla.Atty.Gen. 072-57(2/29/72).
[5] The right to counsel exists in "delinquency" proceedings where permanent removal from the parents' custody for the balance of minority is the consequence of the juvenile's adjudication. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Under these circumstances the United States Supreme Court held that neither the arresting state official nor the judge could be relied upon to be responsible for the child's welfare, and that the child's potential loss of liberty required counsel to assist the parents to the same extent as in an adult criminal proceeding. The dictates of due process under those circumstances do not suggest the need for counsel in cases where the parents themselves initiate and later publicly consent to temporary state custody in a noncriminal setting. See In re T.W.P., 184 So.2d 507 (3d Dist.Ct.App.Fla. 1966), (pre-Gault), and In re Joseph T. Jr., 25 Cal. App.3d 120, 101 Cal. Rptr. 606 (1st Dist. 1972) (post-Gault).
[6] The court also indicated that reasons should be expressed for the denial of counsel. Although Florida's juvenile laws do not provide a right to counsel in these proceedings, judicial review of future proceedings would benefit from a statement in the record by the juvenile judge on that subject.
[7] See Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).
[8] The Florida Legislature could, as did the California Assembly, amend the juvenile dependency law to require counsel in some or all of these cases. See Cleaver v. Wilcox, supra at 942.