348 So.2d 1155 (1977)
In the Interest of D. T. H., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 50578.
Supreme Court of Florida.
July 28, 1977.
*1156 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
KARL, Justice.
This cause is before us on direct appeal to review an order of the Circuit Court, in and for Orange County, upholding the constitutional validity of Section 39.01(11), Florida Statutes, thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution.
R.M. Highsmith, an official at Great Oaks Village, filed a petition with the Circuit Court on May 19, 1976, alleging that D.T.H., thirteen years of age, is a dependent/ungovernable child, that he had been placed in the custody of Great Oaks Village by order of the court dated February 27, 1976, to complete the program of remediation at the Remedial Behavior Center, and that he has not successfully completed the program of remediation since he has left the grounds on several occasions without permission, has disobeyed the staff and has been profane, defiant, disrespectful and argumentative.
The public defender appointed to represent him filed a motion to dismiss the petition wherein he alleged, inter alia, that Section 39.01(11) is unconstitutionally vague, indefinite and overbroad, that the petition was filed and initiated by Mr. Highsmith rather than the State Attorney and that the petition failed to allege that D.T.H. had previously been adjudicated ungovernable. This motion was denied and order of commitment to the Division of Youth Services was entered by the trial court. The trial court found D.T.H. to be dependent by reason of ungovernability for the second time within the intent and meaning of Section 39.10, Florida Statutes.
On appeal, appellant first contends that Section 39.01(11) is unconstitutionally vague. We have recently resolved that point against appellant in In Interest of Hutchins, 345 So.2d 703 (Fla. 1977), wherein this Court determined that Section 39.01(11), Florida Statutes, is not unconstitutionally vague.
*1157 Appellant next contends that the trial judge erred in adjudicating him delinquent on the basis of a petition which was not filed by a State Attorney and did not contain an allegation that appellant had previously been adjudicated ungovernable. In response, the state submits that appellant was not adjudged delinquent nor did the petition seek an adjudication of delinquency.
There was no adjudication of delinquency sub judice. There was an attempt to define and treat the child as a delinquent after a second hearing based on allegations of ungovernability under the provisions of Section 39.01(11).[1]
There is no reference to ungovernability in Chapter 39, except in Section 39.01(11). That section permits a juvenile to be defined and treated as a dependent when adjudicated as an ungovernable child the first time. If the trial judge opts so to define and to treat the child, all of the provisions of Chapter 39 relating to dependency shall be applicable. Similarly, for the second and subsequent adjudications for ungovernability, the child may be defined and treated as a delinquent. The definition and treatment as a delinquent does not necessarily follow any particular adjudication of ungovernability but may occur at the second or any subsequent such adjudication. If the trial judge exercises his option to define and treat the child as a delinquent, all the provisions of Chapter 39 relating to delinquency are applicable.
In the case before us, the trial judge attempted to define and treat D.T.H. as a delinquent by committing him to the Division of Youth Services.[2] We hold that he could not do so on the record before him.
The portion of Section 39.01(11) that permits the court to define and treat the child as a delinquent effectually establishes a basis additional to that contained in Section 39.01(12) to attain the status of delinquency. In Interest of Hutchins, supra. No child can be placed in the status of a delinquent unless all provisions relating to delinquency are followed and all required due process rights are accorded.
The appellant's position with respect to the filing of the petition by a State Attorney is, therefore, well taken. Section 39.05(1) provides, "All proceedings seeking an adjudication that a child is delinquent shall be initiated by the state by the filing of a petition by the State Attorney." Since the petition sub judice was not filed by a State Attorney, it is defective and cannot be the basis for an adjudication of delinquency or an order treating a child as a delinquent.
The petition is also insufficient to support the order treating D.T.H. as a delinquent because it fails to allege that he had been previously adjudicated an ungovernable child and that this proceeding could result in his attaining the status of a delinquent.
Although, as we have noted above, in a second adjudication of ungovernability, a child may be treated and defined as a delinquent so long as the due process requisites relative to delinquency, including those delineated in Hutchins,[3] supra, have *1158 been complied with, it does not necessarily follow that the court or the authorities will automatically treat him as a delinquent. A second adjudication of ungovernability is not necessarily synonymous with delinquency, even if due process was accorded the juvenile. Therefore, if the authorities choose to have the child adjudicated delinquent through a second ungovernability proceeding, he should be notified of the same in the petition. Here, the charging petition merely alleged that D.T.H. is a dependent/ungovernable child.
While it is not material to the disposition of this appeal, we observe that, if the requirements of Hutchins, supra, were not met in the first ungovernability hearing, then in the second ungovernability proceeding, the child may not be defined or treated as a delinquent child pursuant to Section 39.01(11).
We note that the adjudicatory order includes a finding that the child violated the law as alleged in the petition. The petition does not charge a violation of the law unless the general statement contained in the petition, to the effect that "[said] child has been profane, defiant, disrespectful, and argumentative," was meant to charge him with profanity under Section 847.05, Florida Statutes. If this be the case, and if the trial court relied on that charge for its order of commitment, then the order would have to be reversed on the authority of Spears v. State, 337 So.2d 977 (Fla. 1976). Cf. R.R.C. v. State, 346 So.2d 68 (Fla. 1977).
Because of the defects, the record before us cannot support an adjudication of delinquency nor the commitment of appellant to the Division of Youth Services. The most the record before us can support is a second finding of ungovernability and an order defining and treating D.T.H. as a dependent child.
Accordingly, the order of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND and HATCHETT, JJ., concur.
SUNDBERG, J., concurs in result only.
NOTES
[1] Section 39.01(11), F.S., provides:

"`Ungovernable child' means a child who persistently disobeys the reasonable and lawful demands of his parents or other legal custodians and is beyond their control. For the purposes of this act, the first time a child is adjudicated as ungovernable, he may be defined and treated as a dependent child, and all of the provisions of this act relating to dependency shall be applicable. For the second and subsequent adjudications for ungovernability, the child may be defined and treated as a delinquent child, and all the provisions of this act relating to delinquency shall be applicable. If necessary the court may order placement of the child in secure shelter care pending disposition."
[2] Chapter 39, Florida Statutes, provides that only delinquent children may be committed to the Division of Youth Services for custody, care, training and treatment. Dependent children are supervised by the Division of Family Services.
[3] In Hutchins, supra, we said:

"The first hearing on ungovernability is not necessarily a first step in the adjudication of delinquency. The hearing and the resulting care, custody or supervision by the Division of Family Services may correct any existing problems the child may have and be the last of the child's experiences with the juvenile authorities. In such cases, the constitutional right to counsel is not mandatory. Potvin v. Keller, supra [Fla., 313 So.2d 703]; Cleaver v. Wilcox, 499 F.2d 940 (9th Cir.1974).
"If, however, the first ungovernability adjudication is to be used in a subsequent proceeding in which the child's status may change from dependency to delinquency because of two or more adjudications of ungovernability, the first such adjudicatory hearing is a critical first step in the delinquency determination and the child is entitled to all due process rights at each step in the procedure.
.....
"We conclude that it is unconstitutionally impermissible to base an adjudication of ungovernability for the second time on a previously conducted hearing in which the child was not instructed as to his right to counsel or provided counsel if an indigent.
"We reject the argument that such a requirement will convert all of the proceedings to determine ungovernability into criminal type proceedings with both state attorney and defense counsel present in an adversary atmosphere. If the appropriate authority believes that the ungovernability hearing will suffice, there is no reason why it cannot be held as any other dependency proceeding. But if the conduct of a child is such that there is doubt about the effectiveness of the proceeding and that such proceeding will likely mature into a delinquency proceeding, the child must be given the opportunity to have counsel. If this right is not afforded the juvenile, the first adjudication may not be used in the delinquency hearing."