COBB, Judge.
The Department of Health and Rehabilitative Services (HRS) filed a petition on January 15, 1982, representing that the six minor children of appellant, Mary Pollack, were dependent and had been abandoned, abused or neglected by their parents, Mary and Alfred Pollack. The circuit court entered a detention order and on February 3, 1982, the parents filed a motion for custody.
Thereafter, as a result of a conference between the parents, an HRS representative, an appointed guardian ad litem, and an assistant state attorney, a stipulation was executed on February 17, 1982. It provided that the parents did not contest the allegations contained in the petition, *712 and that the trial court could enter a finding of dependency and protective orders for the children without an evidentiary hearing. Pursuant to such stipulation, the children were to be returned to the temporary custody of the mother, the father agreed not to live in the home with his wife and the children until he successfully completed a counseling program arranged by HRS, and he could only have supervised contact with the children.
On February 26,1982, the mother and the three eldest children filed a motion asking the court to allow the father to return to the home. On March 9, the guardian ad litem filed an objection to this motion. On April 21, HRS asked the court to cite the father for contempt for violating the stipulation, and moved to transfer custody of the children back to HRS. A hearing was held with the mother, guardian ad litem, HRS, and the state present. A detention order again issued, and a hearing was scheduled on HRS’s motion to transfer custody. Another hearing was scheduled in regard to the contempt charge against the father.
On May 26, an attorney for the mother, Michael Wilson, filed an appearance in the cause and moved, pursuant to Florida Rule of Juvenile Procedure 8.240(b), for the court to set aside the stipulation on the ground that it was executed without advice of counsel. This motion was denied after a hearing. Subsequently, a hearing was held on the motion to transfer custody, and it was granted with a specific finding by the trial court that the stipulation of the parties had been violated and the children continued to be dependent.
The mother appeals the trial court’s refusal to vacate the stipulation and the order transfering custody based upon it. The issue is not whether or not the mother was entitled to appointive counsel prior to execution of the stipulation. HRS concedes that she was so entitled based upon In the Interest of D.B. and D.S., 385 So.2d 83 (Fla.1980). In that case, the Florida Supreme Court found that counsel must be appointed where parents are threatened with permanent loss of custody, or when criminal charges may arise from a proceeding. HRS contends, however, that Mary Pollack waived her right to counsel at the time she entered into the February 17 stipulation.
At the hearing held on June 9, 1982, on the appellant’s motion for extraordinary relief, the mother testified that she was indigent at the time of the stipulation, and that at no time did she waive her right to counsel. No contrary testimony was presented by HRS. Moreover, at that hearing, the trial court made the following comment:
She was advised of her right to counsel under the rules of procedure in the Juvenile Court and under the Florida Law. She is not allowed to be appointed an attorney by this Court in a civil dependency action, but can be referred to the office of Legal Aid, and she has done that and exercised that on numerous occasions going back to as far as 1980 when Mr. Randell was appointed to represent her. And, so, she is aware of the procedure and was aware where Legal Aid was located at the time this matter was started and she chose not to go and be represented by an attorney and, in fact, indicated she did not need an attorney. So, I did not, on any occasion, force her to get an attorney when she said she did not need one. [Emphasis added.]
It is apparent that the circuit court in the instant case misconstrued its authority and constitutional obligations. It does have the authority to appoint an attorney in a civil dependency case, and it is required to do so when the appropriate criteria are present. See Lassiter v. Dept. of Social Servies of Durham County, North Carolina, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); In the Interest of D.B. and D.S.; Potvin v. Keller, 313 So.2d 703 (Fla.1975). Merely informing an indigent parent of the right to assistance of counsel, and referring that parent to a legal aid office, while withholding court appointment and failing to establish a knowing waiver of record, does not pass constitutional muster.
The order of the trial court denying the requested relief in regard to the stipulation, *713 and the order transferring custody predicated upon that stipulation, are quashed. This cause is remanded for an evidentiary hearing on the motion to transfer custody,
QUASHED and REMANDED.
COWART, J., and JOHNSON, CLARENCE T., Jr., Associate Judge, concur.