473 So.2d 736 (1985)
Peter JULIAN, et al., Petitioners,
v.
The Honorable Robert E. LEE, Jr., Etc., Respondent.
No. 85-329.
District Court of Appeal of Florida, Fifth District.
June 13, 1985.
Rehearing Denied August 8, 1985.
*737 Mark A. Zimmerman, DeLand, for petitioners.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for respondent.
Michael A. Van Houten, Daytona Beach, for the State.
ORFINGER, Judge.
The parents of D.L.J., and J.J., seek a writ of prohibition to prevent the respondent from proceeding further in these dependency proceedings. Upon the filing of the petition we issued a rule to show cause and stayed further proceedings. We have considered the response to the rule and the petitioners' reply thereto, and we now deny the writ.
On November 8, 1984 the Department of Health and Rehabilitative Services, (H.R.S.) filed petitions requesting detention orders for D.L.J. and her brother, J.J., the minor children of the petitioners. A detention order was entered for D.L.J. on November 8, 1984; a similar order was entered for J.J. on November 9, 1984, and they were taken into shelter care pursuant to these orders. On November 14, 1984 petitions for dependency were filed by H.R.S. on behalf of the minor children.
On November 16, 1984 the court held a "continuation hearing" of the November 8 detention hearing, at the conclusion of which J.J. was ordered returned to the custody of his parents and D.L.J. was ordered to remain at H.R.S. shelter care.
On February 13, 1985, 91 days after the petition for dependency was filed, and 97 and 96 days, respectively, after D.L.J. and J.J. were taken into custody, the petitioners moved to have the dependency charges dismissed with prejudice on the basis that an adjudicatory hearing had not been held within 90 days of the earliest of the dates the children had been taken into custody. When these motions were denied, the petitioners filed this petition for writ of prohibition.
Petitioners argue that the motion for discharge should have been granted on the basis of former Rule 8.180(a), Florida Rules of Juvenile Procedure which was in effect *738 when they were taken into custody, and which provided:
Time. Every case in which a petition has been filed alleging a child to be delinquent or dependent shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
In response, the State points out that effective January 1, 1985, the Rules of Juvenile Procedure were amended so as to distinguish between delinquency proceedings on the one hand and dependency proceedings on the other. While Rule 8.180(a) still retains the 90-day time limit, it now applies only to delinquency proceedings. A new section, 8.720(f) has been added to the rules, applicable only to dependency proceedings, which reads:
(f) Involuntary Dismissal. If an adjudicatory hearing is not begun within 180 days of the date the child was taken into custody or the date the petition was filed, whichever occurs first, the petition for dependency shall be dismissed with prejudice on motion and hearing. The court may extend the period of time established by this rule on motion of any party, after hearing, on a finding that the interest of justice will be served by such extension. The order granting the extension shall be in writing and shall state the reasons for the extension. The general congestion of the court's docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for an extension.
We hold that the revised rule, effective January 1, 1985 applies here, because it is a rule of procedure and because that rule was in effect when the motions for discharge were filed. Because 180 days had not run on the speedy trial clock when the motions were filed, the juveniles were not entitled to discharge.
Rules of court designed to implement constitutional or statutory "speedy trial" rights are rules of procedure through which such rights are enforced in this state, and are a proper exercise of the Florida supreme court's constitutional power to promulgate rules of practice and procedure. State ex rel. Maines v. Baker, 254 So.2d 207 (Fla. 1971). See also Sherrod v. Franza, 427 So.2d 161 (Fla. 1983). In State v. Garcia, 229 So.2d 236 (Fla. 1969) the court distinguished between substantive and procedural rules in this manner:
The rules adopted by the Supreme Court are limited to matters of procedure, for a rule cannot abrogate or modify substantive law. In some instances it is difficult to determine whether a rule relates to a matter that is substantive or a matter that is procedural... .
* * * * * *
Procedural law is sometimes referred to as "adjective law" or "law of remedy" or "remedial law" and has been described as the legal machinery by which substantive law is made effective. Substantive law has been defined as that part of the law which creates, defines, and regulates rights, or that part of the law which courts are established to administer.
* * * * * *
As related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment therefor, while procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished. [Citation omitted].
Id. at 238.
While there is a statutory right in delinquency proceedings to an adjudicatory hearing within 90 days from the earlier of the date on which the juvenile is taken into custody or the date on which the petition is filed, section 39.05(7), Florida Statutes (1983), no comparable provision has been adopted for dependency proceedings. See section 39.404 and section 39.408, Florida Statutes (1983). Section 39.40 provides that all procedures, including hearings, in dependency cases shall be according to the *739 Florida Rules of Juvenile Procedure unless otherwise provided by law. Thus the procedural rules govern the time for an adjudicatory hearing in dependency cases. The rules of procedure in effect at the time of trial or other proceedings control the conduct of those proceedings. Kocsis v. State, 467 So.2d 384 (Fla. 5th DCA 1985), Lunsford v. State, 426 So.2d 1178 (Fla. 5th DCA 1983). Because the rules in effect when the motions for discharge were filed provided for a 180-day "speedy trial" period in dependency proceedings, and because only 97 days and 96 days, respectively, had elapsed since D.L.J. and J.J. were taken into custody, the motions were properly denied.
Writ DENIED.
COBB, C.J., and COWART, J., concur.

ON MOTION FOR REHEARING
ORFINGER, Judge.
Petitioners urge us to reconsider our original opinion in this case because in their view it is in conflict with Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA 1982). We find no conflict, but believe some clarification is necessary.
Holmes v. Leffler involved the interpretation of Florida Rule of Criminal Procedure 3.191, the speedy trial rule, in a criminal proceeding. In criminal cases, the speedy trial rule provides procedures through which the constitutional right to a speedy trial is enforced. State ex rel. Maines v. Baker, 254 So.2d 207 (Fla. 1971). A juvenile dependency hearing is a civil proceeding. See Potvin v. Keller, 313 So.2d 703, 705 (Fla. 1975); In the Interest of R.W., et al. v. Department of H.R.S., 429 So.2d 711 (Fla. 5th DCA 1983). The constitutional right to a speedy trial in criminal cases has no application to civil proceedings.
As we explained in our original opinion, no statute requires that an adjudicatory hearing in a dependency (civil) proceeding take place within a specified time. Section 39.40, Florida Statutes (1983) provides that all procedures in dependency cases shall be as provided by the Rules of Juvenile Procedure. The 90 day period provided in former Florida Rule of Juvenile Procedure 8.180(a) had not expired on January 1, 1985, the effective date of the new rule, and thus the dependency proceedings against petitioners' children were not subject to dismissal on that date under the old rule. When Rule 8.720(f) became effective on that date, it merely provided an extended period of time within which this civil proceeding could be heard. Because the new rule was in effect when the motions to dismiss were filed and the specified period in the new rule had not expired, the motions to dismiss were properly denied.
Except as clarified herein, the petition for rehearing is
DENIED.
COBB, C.J., and COWART, J., concur.