PER CURIAM.
Leroy Jones petitions for a writ of habeas corpus challenging denial of bail pending appeal. We grant the petition in part.
Florida Rule of Criminal Procedure 3.691(a) precludes bail pending appeal, inter aha, “if such person [the defendant] has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and the person’s civil rights have not been restored-” Id.; § 903.132, Fla.Stat. (1993). We agree with defendant that a prior felony conviction may not be considered for these purposes if the prior felony conviction was uncounseled. See Burgett v. Texas, 389 U.S. 109, 113-16, 88 S.Ct. 258, 261-62, 19 L.Ed.2d 319 (1967); In the Interest of Hutchins, 345 So.2d 703, 707 (Fla.1977); State ex rel. Alton v. Conkling, 421 So.2d 1108, 1110-12 (Fla. 5th DCA 1982). The record strongly suggests that defendant’s prior felony convictions were uncounseled but the State disputes the point. The trial court’s oral pronouncements do not make clear whether the denial of bail pending appeal was based on the prior felony convictions, or on the merits of the application, or both. No written findings were entered. See Fla.R.Crim.P. 3.691(b).
Consequently we remand for further proceedings on the request for bail pending appeal. The trial court must first determine whether the defendant’s prior felony convictions were uncounseled. If so, the defendant is eligible for consideration for bail pending appeal. Assuming defendant is eligible, the court must then rule on the merits of the application and enter written findings in accordance with Rule 3.691(a)-(b). We express no view on the merits of defendant’s request.
Habeas corpus granted in part.*

 We deny relief insofar as defendant asks this court to order his immediate release.