WOLF, Judge.
This unauthorized appeal from a non-final order is treated as a petition for writ of certiorari. Petitioner, J.S.S., the natural father of J.D.L., asserts that the trial court erred in failing to appoint counsel for him during the instant dependency proceedings. Petitioner failed to demonstrate that the denial of the request for appointed counsel constituted a departure from the essential requirements of law. See In re Guardianship of A.P., 644 So.2d 169 (Fla. 4th DCA 1994). Petitioner, however, has demonstrated that the procedure utilized by the trial court in making the determination not to *549 appoint counsel did constitute a departure from the essential requirements of law. We, therefore, grant the petition for writ of cer-tiorari and remand to the trial court to determine petitioner’s entitlement to appointed counsel in accord with Florida law as discussed in this opinion.
The department filed a supplementary petition for dependency, requesting that an infant born August 24, 1995, be adjudicated dependent. At several hearings, the petitioner requested court-appointed counsel for his son’s dependency case. Opposing counsel responded that the state was not seeking termination of parental rights at that time. The judge denied the father’s request at both hearings. The court stated that it did not have authority to appoint an attorney unless there was going to be a termination of parental rights or there was a pending criminal proceeding. In denying the request, the court referred to its recent experience at a judicial conference where he learned that a couple of judges had been brought before the JQC for appointing attorneys in dependency cases, “[judges are] getting a lot of maybe rightful pressure from taxpayers and other powers that be.” The court further said,
I’ve been told that I better start following the statute because I, by not following the statute, lose my judicial immunity and I become a subject of a taxpayer’s suit for the dollars that I am appointing attorneys on that do not meet the requirements of the statute, and I got to send — marry one daughter and send — put another son through college, and I really don’t want to lose my judicial immunity.
At the. October 2, 1995, hearing, petitioner’s counsel attempted to have the court consider the factors enumerated in Potvin v. Keller, 313 So.2d 703 (Fla.1975). The trial court responded, “I have made my ruling; you can appeal me.” The written order denying the request for appointed counsel simply stated that the order was denied because “there is not a reasonable possibility of permanent termination of parental rights or criminal charges as a result of these proceedings.” Those reasons are not totally disposi-tive in determining when parents are entitled to appointed counsel during dependency proceedings.
Parents are entitled to appointed counsel in dependency proceedings when they are threatened with permanent loss of custody or when criminal charges may arise from the proceeding. In the Interest of D.F., 622 So.2d 1102 (Fla. 1st DCA 1993). In all other dependency proceedings, however, there must be a case-by-case determination of factors adopted in Potvin v. Keller, supra, to determine the parent’s right to appointed counsel. In the Interest of D.B., 385 So.2d 83 (Fla.1980).[1] The Potvin factors include,
(i) The potential length of parent child separation, (ii) the degree of parental restrictions on visitation, (iii) the presence or absence of parental consent, (iv) the presence or absence of disputed facts, .and (v) the complexity of the proceeding in terms of witnesses and documents.
Potvin, supra at 706. The petitioner had a clear legal right to have his request for appointed counsel evaluated in light of these legal factors.[2] The trial court’s refusal to consider the factors adopted by the supreme court based on some perceived notion of potential liability constitutes a départure from the essential requirement of law.
The petition is granted.
BENTON and VAN NORTWICK, JJ., concur.

. Counsel for petitioner urges us to adopt the position that parents are entitled to a right to appointed counsel in all dependency proceedings. This position was rejected in In the Interest of D.B., supra; therefore, we decline to do so.

. Petitioner argues on appeal that we should order appointment of counsel based on Potvin. We decline to do so on two bases: (1) The record before is insufficient to determine how these factors should be applied, and (2) the trial court should have the first opportunity to make this determination.