OWEN, Judge.
Appellant is presently serving a 15-year sentence as a second offender under F.S. Section 775.09, F.S.A. By means of a motion to vacate under Rule 1.850 CrPR, 33 F.S.A., appellant brought a collateral attack on his sentence alleging the constitutional invalidity of the first (or prior) conviction. The order denying the motion to vacate, which we here review, was entered without an evidentiary hearing (on the alleged constitutional infirmity of the prior conviction) because the court found from an examination of the record of the case that at the time the appellant was brought before the court on the recidivist information as provided by F.S. Section 775.11, F.S.A., appellant “knowingly and intelligently entered his plea of guilty acknowledging the prior conviction.”
The essential factual allegations of the motion to vacate can be summarized briefly. In February, 1962 appellant was convicted of breaking and entering with intent to commit a misdemeanor, to-wit: petit larceny. At that time appellant, an indigent, was not furnished counsel although he had not waived his right to such. In December, 1967, appellant was convicted of breaking and entering with intent to commit a felony, to-wit: grand larceny. Thereafter, the state filed a recidivist information alleging these two felony convictions. Appellant was then brought before the court as required by F.S. Section 775.11, F.S.A. He acknowl *243 edged to the court his identity and his two convictions as alleged, whereupon the court vacated the sentence theretofore imposed for the second conviction and in lieu thereof imposed a 15-year sentence under which appellant is presently in custody.
We have held that before one may be sentenced as a second offender under F.S. Section 775.09, F.S.A., there must be a constitutionally valid prior conviction. Lee v. State, Fla.App.1969, 217 So.2d 861. Appellant’s motion to vacate alleged facts which, if true, would render the 1962 conviction constitutionally invalid under the principles announced in Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Since these factual allegations are not affirmatively refuted by the record, and no evidentiary hearing was held, we assume them to be true in order to consider the principal question before us, namely, whether appellant’s conduct at the recidivist hearing amounted to a waiver of his right to now question the validity of the prior conviction.
The state contends that when appellant came before the court for the recidivist hearing required by F.S. Section 775.11, F.S.A., and acknowledged in open court that he was the same person as charged in the second offender information, such was a “guilty” plea; that as such it was the equivalent of a plea of guilty to a substantive offense which waives all non-jurisdictional defects. Cf. Steinhauser v. State, Fla.App.1969, 228 So. 2d 446; Manning v. State, Fla.App.1967, 203 So.2d 360 and Thomas v. State, Fla.App.1967, 201 So.2d 834. But the rationale of these last cited cases does not apply to the factual situation of this case. It is well established that the recidivist statute, F.S. Section 775.09, F.S.A., does not create a new substantive offense but rather simply prescribes a longer sentence for a second or subsequent offense. Reynolds v. Cochran, Fla.1962, 138 So.2d 500; Cross v. State, 1928, 96 Fla. 768, 119 So. 380; and, Lee v. State, supra. The only issue at the recidivist hearing is whether the person who has been convicted of a felony has previously been convicted of crimes as set forth in either F.S. Section 775.09, F.S.A. or F.S. Section 775.10, F.S.A. The fact that the convicted person freely and voluntarily acknowledges that he is the same person, rather than putting the state to the burden of proving such, does .not waive that person’s right to question, on motion for post conviction relief, the constitutional validity of the prior conviction.
The order denying the motion to vacate is reversed and this cause remanded for the purpose of affording appellant an evi-dentiary hearing on the motion. The procedure to be followed in the event appellant proves the alleged constitutional infirmity of the first conviction is set forth in this court’s opinion in the case of Lee v. State, supra.
Reversed and remanded for further proceedings.
CROSS and MAGER, JJ., concur.