BOARDMAN, Acting Chief Judge.
This appeal presents the issue of whether the county court or the circuit court has jurisdiction over a juvenile when the state files a direct information charging the juvenile with a misdemeanor. We hold that jurisdiction is in the county court.
The state filed an information in the county court charging appellee, a sixteen-year-old juvenile, with a misdemeanor. The information was filed pursuant to Section 39.04(2)(e)4, Florida Statutes (1979), which authorizes the state attorney to criminally prosecute a juvenile who is sixteen years of age or older as an adult when the juvenile has in the past committed two delinquent acts, one of which involved a felony offense. Appellee filed a motion to dismiss on the ground that because he was a juvenile, jurisdiction was properly in the circuit court. Following denial of the motion, appellee filed a petition for writ of prohibition in the circuit court. The circuit court entered an order ruling that the county court did not have jurisdiction over ap-pellee. This appeal followed timely.
In State v. Cain, 381 So.2d 1361 (Fla.1980), our supreme court held that a juvenile charged with a crime has no constitutional right to juvenile treatment. The court stated that “while exclusive jurisdiction over juveniles is initially vested in the juvenile division of the circuit court, this jurisdiction is expressly qualified to the extent of the statutory exceptions . . . .” Id. at 1366. The legislature has enacted an exception from juvenile treatment for juveniles ages sixteen or older when, in the discretion of the state attorney, the public interest requires that the juvenile be prosecuted as an adult. § 39.04(2)(e)4, Fla.Stat. (1979). Because appellee in this case was tried as an adult pursuant to this statutory exception, the county court had jurisdiction over his misdemeanor case.[1]
Accordingly, the circuit court’s order is REVERSED.
SCHEB and CAMPBELL, JJ., concur.

. In the event that appellee is ultimately convicted in the county court, that court must conduct a disposition hearing pursuant to Section 39.111(6), Florida Statutes (1979), prior to sentencing.