BRADLEY, Judge.
This is a divorce case.
Suit for divorce on the ground of incompatibility was filed by the wife on October 20, 1978. After a hearing on September 16, 1980 the trial court divorced the parties for incompatibility of temperament, awarded the custody of the two minor children to plaintiff-mother, awarded her $30.00 per week per child as child support, found that as of July 1978 — the time of separation— the parties had assets of $41,000.00 and liabilities amounting to $36,000.00, divested the wife of her joint interest in three parcels of property — the only property owned by the parties — and awarded title to the husband, awarded all personal property remaining in the home to the husband, required the husband to pay off all marital debts incurred prior to separation, and awarded the wife $2,500.00 as alimony in gross, which is “one-half of the net value of assets owned by the parties at the time of separation.”
After hearing plaintiff’s motion for new trial, the trial court increased the alimony in gross award from $2,500.00 to $4,500.00 after finding that the parties’ assets amounted to $45,000.00 and denied a new trial. Plaintiff appeals.
The dispositive issues on appeal are deemed to be the inadequate amount of alimony in gross received by plaintiff and the insufficient amount awarded as child support.
The facts show that Mr. and Mrs. Willis were married in 1954 and have seven chil *111 dren. At the time of the separation two of the children were still minors and lived at home.
The marriage was a stormy one almost from its inception. The wife testified that she was physically abused by the husband on many occasions during their married life. The wife stated that it was after such an episode in July 1978 that she left her husband and filed for a divorce.
At the time of the separation in 1978 the husband was employed by TVA and was earning a net take-home pay of $282.70 per week. The wife, at this time, was operating a dress shop known as the Dollie Shop.
Mr. Willis testified that in 1976 he borrowed $10,000.00, a part of which was used to put the Dollie Shop into operation and most of the remainder was used to remodel and refurbish the marital home. Security for the loan was a mortgage on the house. Nineteen thousand dollars was borrowed to purchase the property where the Dollie Shop was located. This loan was being paid off in monthly installments.
Plaintiff testified that in June 1978 the value of the Dollie Shop’s inventory, fixtures and furnishings was about $22,000.00. Defendant stated that the current value of the Dollie Shop’s contents was $6,000.00 to $8,000.00. He said that the contents of the shop had deteriorated because of mildew. Defendant also said that the value of the Dollie Shop property was about $19,000.00.
The forty acres of unimproved land jointly owned by the parties was valued by the husband at $16,000.00, whereas the wife said it was worth about $50,000.00.
Defendant testified that the parties had $36,000.00 in debts at the time of the separation.
Plaintiff now resides in Atlanta, Georgia in an apartment with her two sons and a diesel mechanic whom she plans to marry. She and her friend each earn about $200.00 net per week. Plaintiff said her grocery bill was $150.00 per week and she needed $100.00 per week in support for the two boys. Defendant stated that it cost $15.00 to $20.00 per week for food and clothing for one of the boys who lived with him for a short while.
It is well settled that we will not set aside or revise a trial court’s division of marital property between the parties to a divorce proceeding unless it is “so arbitrary, disparate and contrary to equity as to be clearly wrong and unjust.” Cox v. Cox, Ala.Civ.App., 395 So.2d 1027 (1981). Such division need not be equal, but it must be equitable “according to the circumstances of the case.” Weaver v. Weaver, Ala.Civ.App., 394 So.2d 378 (1980), cert. denied, Ala., 394 So.2d 380 (1981).
Plaintiff contends that the trial court’s award of all the parties’ real property to the defendant is arbitrary and unjust. We disagree.
The evidence as to the value of the forty acres of unimproved land ranged between $16,000.00 and $50,000.00. The defendant testified that the parties were lucky to get a $10,000.00 mortgage on the marital home. The wife said that the house had deteriorated since the separation. The defendant valued the Dollie Shop at $19,000.00 and its contents at $6,000.00 to $8,000.00. The plaintiff testified that in 1978 the value of the contents of the shop was $22,000.00.
The evidence also shows that the plaintiff wrote defendant a letter telling him that she did not want any of the property, that she thought that he should sell the property, pay their debts and give her one-half of the profit. In an amendment to her original complaint, plaintiff also asked the court to give the real property to the husband but require him to pay all debts and encumbrances.
The trial court found from the evidence that the parties had assets worth $45,000.00 and liabilities amounting to $36,-000.00. It awarded defendant title to the three parcels of real property and required him to pay the debts of the parties. It then awarded plaintiff $4,500.00 as alimony in gross, which would be one-half of the net worth of the parties. We find such an award to be equitable under the circumstances of this case.
*112 Plaintiff’s other contention is that the trial court’s award of $60.00 per week as child support is inadequate and, therefore, erroneous. We disagree.
An award of child support in a divorce case is discretionary with the trial court and will not be reversed or modified by this court absent proof of palpable abuse in the exercise of such discretion. Kitchin v. Kitchin, Ala.Civ.App., 370 So.2d 1031 (1979). Although the plaintiff testified that she needed $50.00 per week per child for support, defendant stated that he only spent between $15.00 and $20.00 per week when one of the boys was living with him. Based on this state of the record we cannot say that the trial court erred in awarding $30.00 per child per week as support.
For the reasons above stated, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.