421 So.2d 1108 (1982)
STATE of Florida, ex rel., Robert James Alton, Petitioner,
v.
The Honorable Virgil B. CONKLING, Etc., Respondent.
No. 82-366.
District Court of Appeal of Florida, Fifth District.
November 17, 1982.
*1110 James Russo, Public Defender, and Steven Herman, Asst. Public Defender, Titusville, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for respondent.
ORFINGER, Chief Judge.
Petitioner, a juvenile, seeks a writ of prohibition to prevent his being tried for a felony offense in the adult division of the circuit court.
Pursuant to section 39.04(2)(e)(4), Florida Statutes (1979),[1] the State Attorney filed an information against him, charging him with shooting into an occupied residence in violation of section 790.19, Florida Statutes. The juvenile filed a motion to transfer the cause to the juvenile division, alleging that although he had twice before been adjudicated delinquent for acts which would be classified as misdemeanors, and three times adjudicated delinquent for acts which would be classified as felonies, he was nevertheless entitled to be transferred to the juvenile division because he had not been represented by counsel in any of the "felony" adjudications, and uncounseled adjudications could not be considered in determining his entitlement to transfer.
The State first challenges the use of the remedy of prohibition, contending that even if the court was in error for refusing to transfer the action to the juvenile division, there is no absence of jurisdiction such as would warrant prohibition. Other district courts have recognized prohibition as the proper remedy to determine the question of jurisdiction as between the juvenile division and the adult division of the circuit courts. State v. Dennis, 386 So.2d 24 (Fla. 2d DCA 1980); Robidoux v. Coker, 383 So.2d 719 (Fla. 4th DCA 1980); rev. denied, 389 So.2d 1108 (Fla. 1980); State ex rel. Register v. Safer, 368 So.2d 620 (Fla. 1st DCA 1979). We agree.
The right to counsel in state criminal proceedings is a fundamental right and a conviction obtained where the defendant was neither represented by counsel nor knowingly and intelligently waived that right is invalid. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This right applies to misdemeanor as well as felony cases. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
Relying on Gideon, the courts have rejected the use of earlier uncounseled convictions as a means of enlarging or enhancing prosecution or penalties in a variety of situations. A prior uncounseled conviction may not be used to convert a subsequent conviction into a felony under an enhanced penalty statute. Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). Previous convictions obtained without counsel or waiver of counsel may not be used to enhance punishment under a recidivist statute. Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Such prior convictions *1111 should not be considered by the trial court in determining the severity of a sentence. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Wolfe v. State, 323 So.2d 680 (Fla. 2d DCA 1975); Hicks v. State, 336 So.2d 1244 (Fla. 4th DCA 1976). Use of such uncounseled prior convictions to impeach a defendant at trial is a violation of due process. Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). It has been held constitutionally impermissible to base an adjudication of ungovernability for the second time (thus converting dependency to delinquency under the statute) on a previously conducted hearing in which the child was not advised of his right to counsel or provided with counsel, if indigent. In Interest of Hutchins, 345 So.2d 703 (Fla. 1977).
These principles apply here, and on the basis of the cited authorities, it seems clear that the motion to transfer the case to the juvenile division for an adjudicatory hearing should have been granted if, in fact, all three felony adjudications were uncounseled, because under the statute in force at the time, at least one delinquent act had to be a valid felony conviction if the case was to remain in the adult division. § 39.04(2)(e)4.
Section 39.071, Florida Statutes (1979), requires that a child be represented by counsel at all stages of proceedings under that chapter.[2] Florida Rule of Juvenile Procedure 8.290(d), specifies the procedure for waiver of counsel in juvenile proceedings.[3]
A child and his parents are entitled to representation by counsel, including a court appointed attorney if they are unable to afford one, in any proceeding to determine delinquency which may result in commitment to an institution. Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); In the Interest of Hutchins, 345 So.2d 703 (1977). They must be informed of this right and any waiver must be an "intentional relinquishment or abandonment" of a fully known right. Gault, 87 S.Ct. at 1451 (where juvenile's mother knew that she could appear with counsel, but was not "confronted with the need for specific consideration of whether they did or did not choose to waive the right" and informed of right to court appointed counsel, no valid waiver.) Since it is unlikely that a child can understand the importance of counsel, a juvenile judge must make certain that the child or his parents understand the right to counsel and that any waiver is intelligently and validly made. The circumstances of the waiver should appear in the record. R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981). What we glean from the statute, the rules *1112 and the cases interpreting both is that a waiver cannot be implied, it must be specifically made, with a clear and intelligent understanding, and it (the waiver) must be in writing with not less than two attesting witnesses, or else it must be made in open court and made a matter of record.
The petitioner has presented to us portions of the record of the adjudicatory proceedings in the three "felony" cases. In all three, petitioner pleaded guilty. In two cases, there is no discussion at all of the right to counsel, no offer of counsel and no waiver. In the third, the only reference to the right of counsel, as presented by the record before us, appears in this dialogue (after the court advised petitioner of the charges against him):

The Court: You have a right to enter a plea of guilty or not guilty as to one or both of the charges. If you enter a plea of guilty, you are hereby admitting the offenses alleged  also at a hearing, you're entitled to be represented by an attorney of your choosing and your mother's choosing, and in the event you did wish to be represented by an attorney and you and your mother were unable to afford one, the Court could appoint an attorney to represent you.

The Child: Yes, sir.

The Court: Do you understand what I'm telling you?

The Child: Yes, sir.

The Court: Understanding what I have told you, how would you plead to the allegations in the petition, guilty or not guilty?

The Child: Guilty.
Respondent asserts that we may not have the entire record, but we requested a response from the state and no further record was furnished to us with that response. We conclude that no further record exists.
Nowhere does it appear that petitioner was given the opportunity to decide that he wanted an attorney, nor is there a specific waiver of the right. Rule 8.290(d) requires more than just the advice that the juvenile is entitled to an attorney. He must specifically waive that right. The court must be satisfied that he has the ability to understand the significance of that advice. The fact that he does not specifically request an attorney is not, in itself, a waiver of that right. Rule 8.290(d)(1). Before accepting a waiver, the Court must ascertain that the choice has been intelligently and understandingly made. Rule 8.290(d)(2). The waiver of counsel should not be left to inference or conjecture. If not done in writing, the waiver must be made in open court and of record. Rule 8.290(d)(4). If done in open court, it should be explicit, either in the form of a direct statement by the juvenile, or in response to a direct question of the court, such as, "understanding your rights, do you waive the appointment of counsel?" No waiver of any kind exists here.
We are not, as the State suggests, belatedly reviewing the earlier juvenile adjudications. We must decide, however, whether those earlier uncounseled adjudications serve to prevent the transfer to juvenile court of the charges pending here, and based on the authorities cited, we hold that they cannot be counted for that purpose. The adult division had no jurisdiction here, and the motion to transfer should have been granted. Therefore, the writ of prohibition should issue.
Believing as we do that the trial court will comply with this opinion without the necessity of the issuance of a formal writ, the issuance of the writ of prohibition is withheld until further order of the court.
So ORDERED.
DAUKSCH, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
I do not agree that prohibition should be used to provide review of an order denying a motion to transfer criminal charges from the criminal division of the circuit court to the juvenile division of the circuit court for adjudicatory proceedings and sanctions when such a non-final order is not reviewable by appeal under Florida Rule of Appellate Procedure 9.130(a)(3).
*1113 A writ of prohibition is to prevent a tribunal from exercising a jurisdiction it does not have. The fact that the circuit court may sit in specialized divisions (Art. V, § 7, Fla. Const.) constitutes no restriction or limitation on the jurisdiction of the circuit court (Art. V, § 5(b), Fla. Const.). The circuit court has jurisdiction over both cases filed in the "adult criminal division" and cases filed in the "juvenile division" of the circuit court. The respondent circuit judge has the authority to exercise both aspects of this jurisdiction. It is specious to speak of prohibiting the adult criminal division of the circuit court from exercising jurisdiction when the real objective is to review the legal question of whether, in a particular case, a defendant has the special legal right to be prosecuted and sanctioned under juvenile law rather than under usual criminal law. This becomes apparent when, as in Robidoux v. Coker, 383 So.2d 719 (Fla. 4th DCA 1980), the reviewing court does not prohibit the court from acting without jurisdiction, but directs the circuit court to dismiss counts in an indictment, while recognizing that the same court has jurisdiction over the same charges in the form of a delinquency petition. Neither Robidoux nor any of the other cases cited in the majority opinion actually addresses the propriety of this misuse of the remedy of prohibition. All of the cases are concerned only with the substantive question of whether the juvenile is or is not entitled to be prosecuted as a juvenile rather than as an adult. That others are doing it is a bad argument for doing anything; even worse is to adopt the actions of others as precedent when the propriety of the action was not deliberated.
Article V, section 4(b)(1) of the Florida Constitution provides that the jurisdiction of the district courts of appeal to review interlocutory orders is as provided by rules adopted by the supreme court. The supreme court has provided for the review of a limited number of non-final orders in Florida Rule of Appellate Procedure 9.130(a)(3). Each decision of a district court of appeal to liberally use an extraordinary original remedy to review a non-final, non-appealable order constitutes a policy decision by the district courts of appeal that such order needs speedy interlocutory review. For constitutional propriety and uniformity, such policy decisions should be made by the Florida Supreme Court by considering amendments to the rule authorizing appeals of non-final orders. This case is but another example of the greater problem. See the dissent in Bates v. Keating, 396 So.2d 1172 (Fla. 5th DCA 1981), and the special concurrence in Paine, Webber, Jackson & Curtis, Inc. v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982). This court has dismissed appeals from juvenile waiver orders, holding that these are not final orders and, further, that the supreme court has not empowered district courts of appeal to consider these to be appealable non-final orders. E.g., R.J.B. v. State, 394 So.2d 126 (Fla. 5th DCA 1980); accord, Townsend v. State, 398 So.2d 829 (Fla. 5th DCA 1980). The supreme court specifically approved these holdings, R.J.B. v. State, 408 So.2d 1048 (Fla. 1982), declaring that the supreme court had the sole authority to decide which non-final orders would be appealable. The supreme court recognized that it had not authorized such appeals and refused to do so. Allowing a litigant to raise the propriety of a waiver order through prohibition, or any other extraordinary writ, is effectually circumventing the supreme court's clear position on the issue. The petition for prohibition should be denied.
NOTES
[1] Section 39.04(2)(e)(4), Florida Statutes (1979):

(e) The State Attorney may:
(4) With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed. Upon motion of the child, the case shall be transferred for adjudicatory proceedings as a child pursuant to § 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony.
The statute has since been amended to permit the juvenile to request transfer to the juvenile division only when he is charged with a misdemeanor, but the amended statute does not apply here.
[2] § 39.071, Florida Statutes (1979):

Right to counsel.  A child shall be entitled to representation by legal counsel at all stages of any proceedings under this part. If the child and his parents or other legal custodians are insolvent and are unable to employ counsel for the child, or if the parents of an insolvent child are solvent but refuse to employ counsel, the court shall appoint counsel for him pursuant to § 27.52 and § 27.56. If a child appears without counsel, the court shall advise him of his rights with respect to representation of court-appointed counsel.
[3] Fla.R.Juv.P. 8.290(d) (1979):

Waiver of Counsel.
(1) The failure of a child to request appointment of counsel or his announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child's comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the child is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than two attesting witnesses. Said witnesses shall attest the voluntary execution thereof.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the child appears without counsel.