PER CURIAM.
By petition for writ of certiorari, defendant seeks review of the circuit court order affirming his sentence for D.U.I. conviction by the County Court of Pinellas County. Based on a 1980 D.U.I. conviction entered pursuant to defendant’s uncounseled nolo plea, the county court “sentenced” defendant as a second offender, fining him $500 and suspending his driving privileges for five years. Defendant received no jail or prison time or other deprivation of his liberty, however. Defendant contests the use of this prior conviction by the county court in arriving at his sentence as a subsequent offender. He argues that his prior plea and conviction are void as he was not represented by counsel nor had he effectively waived that right. The state responds that the use of the prior, uncounseled conviction as an enhancement of the subsequent sentence was proper inasmuch as the sentence did not include any imprisonment.
Even assuming there was error in this case, we cannot say the error was so serious that it would result in a miscarriage of justice. “Errors ‘that do not obviously prejudice fundamental rights, to the material injury of the complaining parties, may not cause a judgment to be quashed on certiorari.’ Newman v. State, 174 So.2d 479, 481 (Fla. 2d DCA 1965).” State v. Roess, 451 So.2d 879, 880 (Fla. 2d DCA 1984).
Accordingly, the petition for writ of cer-tiorari is denied.
RYDER, C.J., and LEHAN and HALL, JJ., concur.