# STATE OF FLORIDA v RIDDLE
## Case No. 70688-MH
County Court, Volusia County

November 13, 1985

### APPEARANCES OF COUNSEL

**James Garcia,** Assistant State Attorney, for plaintiff.

**Mike Lambert** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

This cause came on to be heard on the defendant's plea to driving under the influence of alcoholic beverages and driving while license is suspended.

Upon the acceptance of the plea and before sentencing, the defendant represented to the Court that he should not be sentenced as a

multiple offender and sought to have stricken from his driving record three prior convictions for D.U.I. and not to take into consideration these convictions in sentencing the defendant for the present offense upon the grounds that the three prior pleas of guilty to Driving While Intoxicated were without the advice of counsel or written waiver of counsel.

The record shows that the defendant plead guilty to D.U.I. on September 19, 1980 before the Honorable Michael McDermott, on December 10, 1981 before the Honorable Norton Josephson and on February 18, 1982 before the Honorable Wiley G. Clayton.

In none of these cases as shown by the transcript of the proceedings before the above named judges did the defendant waive in writing the right to counsel except before the Honorable Norton Josephson. (See Rule 3.170(3) Florida Rules of Criminal Procedure).

Furthermore, the transcripts show that some of the judges failed to follow the requirements of Rule 3.172, Florida Rules of Criminal Procedure in accepting the guilty plea. However, paragraph (i) of said rule states that failure to follow any of the procedures in this rule (3.172) shall not render a plea void absent a showing of prejudice.

Paragraph (ii) of said rule states:

"If the defendant is not represented by an attorney, that he has a right to be represented by an attorney at every stage of proceedings against him and if necessary one will be appointed to represent him."

In *Hickman v. State*, 469 So. 2d 859 (Fla. 2d DCA 1985), the defendant was sentenced as a "second offender" based upon a prior D.U.I. conviction entered pursuant to the defendant's un-counseled nolo plea. He argued that his prior conviction was void as he was not represented by counsel and he had not waived that right. The Court refused to reduce his sentence, stating that even if there was error, it was not so serious that it would result in a miscarriage of justice. (Contra See; *Louisiana v. Walpole* 459 So.2d 172; *Shenault v. Virginia* 321 So.W.2d 652; *Minnesota v. Hanson* 360 N.W. 2d 466; *Baldasar v. Illinois* 446 U.S. 222; *Lovell v. Arkansas* 678 So.W.2d 318; *Arkansas v. Brown* 675 So.W.2d 822.

In the case at bar, this Court in order to avoid being the Appellate Court as to the validity of the sentences handed down by the Honorable Michael McDermott and the Honorable Wiley G. Clayton, announced in open court that it would sentence the defendant within the parameters of the sentence imposed on a first offender. The Court then sentenced the defendant to pay a maximum fine of $500.00 plus court

**17**

costs and thirty days in the County Jail or in lieu thereof to be in house arrest under the supervision of Pride, Inc. for sixty days. The Court then ordered the defendant's driver's license to be suspended for the maximum period as provided by law. (Defendant's license is now under suspension for five years as a result of his prior convictions).

Counsel for the defendant does not question the fine and jail time imposed in the above sentence but does question that portion of the sentence which suspends the defendant's license "for the maximum sentence as provided by law."

Section 322.28(3)(f) F.S. provides that the "Court" shall "permanently" revoke the driver's license or driving privilege of a person who has been convicted four times for violation of 316.193 or 316.1931. If the Court does not do this within thirty days after imposing sentence, the department shall permanently revoke the license or privilege pursuant to paragraph 322.28(3)(f).

In *Hickman v. State* (supra) the judge in addition to ordering the defendant to pay a fine, suspended the defendant's driver's license for five years. Yet the Court ruled that the error (un-counsel plea) did not prejudice the fundamental rights to the material injury of the complaining party.

In *Smith v. The City of Gainesville* 93 So.2d 105, the Supreme Court of Florida held that a driver's license is a privilege. It does not endow the holder with the absolute property right in the use of the public highway.

The Supreme Court said:

"True the recalcitrant law violator might feel the pain of the loss of a valuable privilege. However, the imposition of pain is not the objective of this law. On the contrary, its primary purpose is to relieve the public generally of the sometimes death dealing pain recklessly practiced by one who so lightly regards his license privileges."

In *Hickman v. State* (supra) evidently the Court did not deem that a five year suspension was a violation of a "fundamental right."

As painful as it may be to the defendant herein, permanent revocation of his driving privileges, although not a fundamental right but a privilege, seems to be in order when we look at the defendant's previous driving record which includes not only the fourth D.U.I. convictions, but also two citations for unlawful speed (twenty miles over the speed limit), fleeing or attempting to elude a police officer, driving while license suspended, failure to file a report of an accident, and failure to identify himself upon an accident.

18

This Court will leave it to the Department of Motor Vehicles to calculate the period of suspension of the defendant in accordance with Section 322.28(3)(f) and if it should be permanently revoked, so be it.