504 So.2d 419 (1987)
STATE of Florida, Petitioner,
v.
Charles Bernard CAUDLE, Respondent.
No. 86-1769.
District Court of Appeal of Florida, Fifth District.
February 12, 1987.
Rehearing Denied April 1, 1987.
*420 Robert Eagan, State Atty., Belvin Perry, Jr., Asst. State Atty., and Natasha J. Williams, Certified Legal Trainee, Orlando, for petitioner.
Stuart I. Hyman, of NeJame & Hyman, P.A., Orlando, for respondent.
SHARP, Judge.
The state petitions this court for a writ of certiorari to overturn a circuit court's reversal of the county court's order,[1] which denied Caudle's (Respondent's) motion to vacate sentence or alternative petition for a writ of error coram nobis. We grant the petition and issue the writ.
Caudle was found guilty after a jury trial of driving under the influence of alcohol. On October 31, 1983, the county court sentenced him to one year of probation, fined him $1,079.00, and revoked his license for ten years.
On June 21, 1985, Caudle filed a motion to vacate, alleging his sentence was the result of the court's having considered two prior convictions for driving while intoxicated in 1974 and 1976, which were allegedly invalid. He claimed he was not represented by counsel, or was represented by ineffective counsel in the prior convictions, and there is no record that he was advised of his constitutional rights before he pled guilty to those offenses.
The county court held a hearing on the motion. Caudle testified he was represented by a privately retained attorney in 1974, but could not recall how often they talked or whether they discussed any defense options. He said he could not recall any details about the plea hearing, nor whether the trial court advised him of his constitutional rights.
Caudle's second conviction occurred in 1976. The record revealed he was not represented by counsel. He again could not recall whether or not the judge had advised him of his constitutional rights. He was not incarcerated as a result of either conviction and the record pertaining to both proceedings has now been destroyed, pursuant to statutory authority.
*421 The county court denied Caudle's motion to vacate, holding that the defendant has the initial burden of showing that his constitutional rights were violated in entering his guilty pleas, and that in this case, Caudle failed to make more than a conclusory claim that his rights were violated. Caudle was never sentenced to a term of imprisonment,[2] and therefore he had no clear right to appointed counsel. Finally, the county court found laches on the part of Caudle for delaying nine to ten years before challenging the prior convictions, during which time the statutorily authorized destruction of court records took place.
In a one-page order, the circuit court reversed the county court as to its consideration of the 1976 uncounseled conviction for purposes of sentencing. It held that the state failed to show a knowing, intelligent, and voluntary waiver by the defendant of his right to counsel. In essence, the circuit court placed the burden of proving the validity of Caudle's 1976 conviction on the state, once the record revealed he had not been represented by counsel. It ignored the county court's finding of laches.
The result of the circuit court's ruling is to overturn the ten-year revocation of Caudle's driver's license, and to approve a five-year revocation in its place, based on the 1974 conviction. Although a ten-year revocation period is mandatory after three offenses[3] only a five-year period is proper for a second offense.[4] Although the differences between five and ten-year license revocation periods may not amount to a miscarriage of justice,[5] we think the circuit court misapplied an essential rule of law in placing the burden of proof on the state to prove the validity of the 1976 conviction, which justifies our review in this case. Combs v. State, 436 So.2d 93 (Fla. 1983).
The finality of a judgment is not to be lightly overturned, as a duly entered judgment of conviction and sentence are presumed valid. See State v. Harris, 356 So.2d 315 (Fla. 1978). Furthermore, a defendant seeking to overturn a judgment based on a guilty plea has the burden of establishing that the plea was not knowing and voluntary. See e.g., Mikenas v. State, 460 So.2d 359 (Fla. 1984). In Wilkerson v. State, 401 So.2d 1110 (Fla. 1981), the court noted that once a sentence was imposed, the defendant had the burden of proving that the acceptance of the plea amounted to manifest injustice and it refused to set aside a conviction where the defendant failed to allege that his plea was involuntarily given.
The court in Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985), in facing a similar enhancement situation, noted that the key inquiry is not whether the trial court in the prior conviction had failed to follow the proper procedure in advising a defendant of his constitutional rights, but whether, as a matter of fact, the defendant knowingly and intelligently waived those rights. "In other words, a conviction is rendered unreliable and void only when there is competent evidence to support a determination that the defendant in fact did not make a knowing and intelligent waiver." (Emphasis added). Id. at 362. Noting that rule 3.172(i) of the Florida Rules of Criminal Procedure provides that the failure to follow procedures for taking a plea shall not render the plea void absent a showing of prejudice, the court held that the defendant has the burden of disproving the validity of prior convictions and it is not sufficient to simply make bald assertions. Only after the defendant has made a prima facie showing is the state required to come forward with contrary evidence.
In reviewing the cases consolidated under Allen, the court refused in one instance to set aside a felony conviction which was reclassified because of a prior uncounseled conviction, since the defendant had not expressly alleged that his waiver of counsel was not voluntary and intelligent. The court also refused to reverse a conviction *422 where there was no sworn testimony that the plea to the prior conviction was not knowingly and voluntarily made. In another case, the Allen court affirmed a conviction where the defendant's testimony as to the circumstances of his prior plea was vague, conclusory, and unsupported by competent facts.
Although the United States Supreme Court held that presuming a waiver of counsel from a silent record is impermissible in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), it applied this rule to a case where Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) was clearly violated on the face of the record and where the uncounseled conviction was entered as evidence in the guilt phase of the defendant's trial. This court, in State v. Conkling, 421 So.2d 1108 (Fla. 5th DCA 1982), also found that a waiver of the right to counsel could not be implied from a silent record, but Conkling involved the use of prior juvenile convictions where the statute governing juvenile proceedings required that a juvenile be represented by counsel and that a waiver of the right be in writing and witnessed. It is submitted that the case before the court is distinguishable from both Burgett and Conkling.
Defendant relies on Meehan v. State, 397 So.2d 1214 (Fla. 2d DCA 1981) to support his position that the state has the burden of proving the constitutional validity of a prior conviction before using it to enhance subsequent offenses. However, Meehan is factually distinguishable because it involved the right of a defendant prior to sentencing not to testify regarding his prior record when the state is unable to establish by use of fingerprints that the prior convictions were, in fact, defendant's.
In Harrell v. State, 469 So.2d 169 (Fla. 1st DCA), review denied, 479 So.2d 118 (Fla. 1985), the court found that, where a defendant alleges that counsel was not made available and he did not waive his right to counsel, the state must show by a preponderance of the evidence that the defendant was represented or waived representation. However, the court did not hold that the burden is on the state in the absence of such an initial allegation.[6] In Griffin v. State, 217 So.2d 893 (Fla. 4th DCA 1969), the court noted that there was no need for the state to initially prove the validity of a prior conviction used to enhance, since the state's burden was discharged when it offered evidence of the conviction in the form of the court minute book and a copy of the information under which the prior conviction was obtained. The court placed the burden on the defendant to establish the invalidity of the conviction.
Although uncounseled convictions are inherently suspicious, nonetheless as a starting point a defendant must first swear that he was not advised of his rights and did not waive counsel. In this case, although Caudle's motion was sworn, the only factual allegation made was that "the defendant does not recall being advised of his constitutional rights" and the defendant was unable to add to this statement when he testified at the hearing. Caudle's conclusory allegation in his motion that "... the defendant was coerced into entering the aforesaid plea" is totally unsupported by the record.
Further, because Caudle waited nine years before filing the motion to vacate and the court files had been destroyed in the interim, the county court was justified in applying the doctrine of laches.[7]
In Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), the Supreme Court held that an uncounseled misdemeanor conviction not resulting in incarceration could not be used to enhance a subsequent misdemeanor into a felony punishable by a prison term. However, Baldasar *423 is distinguishable from this case because there is no sworn allegation by the petitioner that his rights were in fact violated in the 1976 proceeding, and the uncounseled conviction was not used in the challenged proceeding to convert a misdemeanor to a felony punishable by a prison term.
Although the existing court records are silent as to whether the defendant was advised of his rights and knowingly and intelligently waived those rights, the prior judgments had been of record for at least nine years at the time the defendant's motion was filed. To allow a defendant to delay until state records or witnesses are unavailable and then seek to place an impossible burden of proof on the state is inequitable and unjust. Although the rights provided by the constitution are a shield against violations of due process, surely a defendant must be required to claim that his armor was defective before forcing the state to surrender its sword.
ISSUE WRIT; QUASH CIRCUIT COURT JUDGMENT.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] Fla.R.App.P. 9.030(c)(1)(A).
[2] See Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).
[3] § 322.28(2)(a)3., Fla. Stat. (1985).
[4] § 322.28(2)(a)2., Fla. Stat. (1985).
[5] Hickman v. State, 469 So.2d 859 (Fla. 2d DCA), review denied, 476 So.2d 674 (Fla. 1985).
[6] See also Jackson v. State, 252 So.2d 241 (Fla. 4th DCA 1971) (court remanded for a hearing on the validity of a prior conviction and stated the procedure to be followed "in the event appellant proves the alleged constitutional infirmity.")
[7] Tedder v. State, 495 So.2d 276 (Fla. 5th DCA 1986); Despres v. State, 427 So.2d 257 (Fla. 5th DCA 1983).