CORRECTED OPINION
SCHWARTZ, Chief Judge.
After a delinquency hearing at which the juvenile respondent-appellant, J.M., was not represented by counsel, the trial court found him delinquent, but withheld adjudication and placed the juvenile in a community control program without committing him to an institution. Although, prior to and at the merits hearing, the trial judge engaged in a lengthy series of colloquies on the subject of the juvenile’s eligibility for appointed counsel, the details of which need not be elaborated upon here, the state concedes that J.M.’s ability to afford private counsel was not in fact established and that, contrarily, his indigency was. See Pittman v. State, 488 So.2d 143 (Fla. 5th DCA 1986); Siplen v. State, 473 So.2d 793 (Fla. 5th DCA 1985); DiBartolomeo v. State, 450 So.2d 925 (Fla. 4th DCA 1984); Enrique v. State, 408 So.2d 635 (Fla. 3d DCA 1981); review denied, 418 So.2d 1280 (Fla.1982). On this basis, we agree that the counselless proceedings below were in reversible violation of the unequivocal, mandatory terms of section 39.071(1), Florida Statutes (1985), which, referring to delinquency proceedings, states as follows: 39.071 Right to Counsel.—
(1) A child shall be entitled to representation by legal counsel at all stages of any proceedings under this part. If the child and his parents or other legal guardian are insolvent and are unable to employ counsel for the child, the court shall appoint counsel for him pursuant to s. 27.52. Costs of representation shall be assessed as provided by s. 27.52 and s. 27.56. If a child appears without counsel, the court shall advise him of his rights with respect to representation of court-appointed counsel, [e.s.]
Identically, section 27.51(l)(c) broadly states:
27.51 Duties of public defender.—
(1) The public defender shall represent, without additional compensation, any person who is determined by the court to be indigent as provided in s. 27.52 and who is:
* * * * * *
(c) Alleged to be a delinquent child pursuant to petition filed before a circuit court[.]
These provisions are dispositive of the appellant’s right to reversal. See State ex rel. Alton v. Conkling, 421 So.2d 1108 (Fla. 5th DCA 1982).
Because the clear terms of sections 39.-071 and 27.51(l)(c) contain no such qualification, we reject the state’s contention that, under the statutes, the right to counsel in juvenile proceedings in Florida, as is true in adult misdemeanor cases, is limited to situations, unlike this one, in which imprisonment is a possible penalty. See § 27.51(l)(b), Fla.Stat. (1987); Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).[1] We do not believe that dicta in either In re D.B., 385 So.2d 83 (Fla. 1980) (no right to counsel in dependency proceedings; dicta as to scope of In re *780 Gault), or State ex rel. Alton v. Conkling, 421 So.2d at 1108 (insufficient waiver of right to counsel where commitment possible; dicta as to extent of right), call for or even indicate a different result.
Moreover, since we base our decision on statutory grounds alone, there is no occasion to resolve the debate in which counsel have engaged as to whether, unlike misdemeanor proceedings, there is a constitutional right to counsel in a delinquency action even though there is no exposure to commitment. See Argersinger, 407 U.S. at 25, 92 S.Ct. at 2006, 32 L.Ed.2d at 530; In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); In re D.B., 385 So.2d at 83; State ex rel. Alton v. Conkling, 421 So.2d at 1108.
Pursuant to sections 39.071 and 27.-51(l)(c), a new hearing at which J.M. shall be represented by appointed counsel is required.
REVERSED.

. Unlike the misdemeanor provision for appointed counsel, § 27.51(l)(b), Fla.Stat. (1987), which turns on susceptibility to imprisonment, the felony counsel statute, in common with *780 § 39.071 and 27.51(l)(c), applies to any indigent “who is [u]nder arrest for, or is charged with, a feIony[.]" § 27.51(l)(a), Fla.Stat. (1987). Subsections 27.51(l)(a-c) provide, in their entirety:
27.51 Duties of public defender.—
(1) The public defender shall represent, without additional compensation, any person who is determined by the court to be indigent as provided in s. 27.52 and who is:
(a) Under arrest for, or is charged with, a felony;
lb) Under arrest for, or is charged with, a misdemeanor, a violation of chapter 316 which is punishable by imprisonment, or a violation of a municipal or county ordinance in the county court, unless the court, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned if he is convicted;
(c) Alleged to be a delinquent child pursuant to a petition filed before a circuit court[.]