# PELHAM v STATE OF FLORIDA
## Case No. 89-8019
Thirteenth Judicial Circuit, Hillsborough County
December 27, 1990

## APPEARANCES OF COUNSEL

**Ty Trayner, Esquire,** for appellant.

**Darrell Dirks,** Assistant State Attorney, for appellee.

Before SUSAN C. BUCKLEW, Circuit Judge.

## OPINION OF THE COURT

The matter on appeal was the trial court's denial of Appellee's[sic] Petition for a Writ of Error Coram Nobis. The undersigned court reviewed the record and briefs filed in the cases and heard oral argument on December 27, 1990. The trial court's denial of the Petition for Writ of Coram Nobis is affirmed.

This court believes *State v Caudle,* 504 So.2d 419 (Fla. 5th DCA 1987) is controlling. In *Caudle* the defendant filed a sworn motion stating he did "not recall being advised of his constitutional rights," and did not add to that statement when he testified at the hearing. The court in *Caudle* found the testimony was vague, conclusory and not supported by competent facts. The records in *Caudle* had been destroyed. Similarly in the instant case, there was no record. When asked whether he was told that he had a right to an attorney, the Appellee[sic], Pelham, stated "I can't recall" and again that he didn't remember what was said when he pled before the judge only that "I was handed no forms or anything to read." The defendant seeking to overturn a judgment based on a guilty plea has the burden of establishing that the plea was not knowing and voluntary. *Mikenas v State,* 460 So.2d 359 (Fla. 1984). *Wilkerson v State,* 401 So.2d 110 (Fla. 1981). The laches argument in the instant case is not as compelling as that in *Caudle* because in this case the defendant's delay was not entirely his fault since he did obtain counsel to pursue his claim in 1984, three years after the conviction, and did not know that the attorney was not practicing law until a Florida Bar Trustee contacted him in 1988.

In conclusion, although the doctrine of laches would not preclude the Appellee[sic] from successfully bringing a Petition for a Writ of Error Coram Nobis, the lower court should be affirmed and the petition denied because the Appellee[sic] did not bring forth sufficient evidence that the plea was not knowing and voluntary or there was not a waiver of right to counsel.

DONE and ORDERED in Chambers in Hillsborough County, Florida this 27th day of December, 1990.