POLEN, Judge.
J.G., a juvenile, appeals from an order adjudicating him delinquent for violating community control for failing to pay restitution tó the victim of his auto theft, and committing him to HRS custody. Appellant claims his due process rights were violated at arraignment, where he entered an uncounseled no contest plea to the above charge after only a brief time to confer with the public defender who was assigned to the courtroom. The appellant did not have the benefit of appointed counsel. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(A).
On August 27, 1990, appellant was adjudicated guilty of the grand theft auto *257 charge and was placed on community control. The special master determined at a hearing on October 22, 1990, that the appellant should pay restitution in two separate payments of $50 each.[1] On January 10, 1991, a petition alleging violation of community control was entered on the grounds that appellant had been arrested for trafficking in stolen property and had failed to pay any of the previously set restitution. With the assistant public defender assigned to that courtroom in attendance, appellant appeared for arraignment on this charge on February 19, 1991. Appellant at that time advised the court that he was not represented by counsel. The following colloquy took place:
THE COURT: [Y]ou’re here for a violation of community control hearing. Are you represented by an attorney?
[APPELLANT]: No.
THE COURT: Okay. We have a Public Defender — Miss Heilman — present today, if you wish to confer with her. I’m going to hand you a copy of your petition alleging a violation of community control. I’d like you to read it and after you’re done reading it, to enter a plea. You can either enter a plea of guilty, which admits the charges; a plea of no contest, which neither admits nor denies the charges — however, if I accept it, it’s the same as a finding of guilt; or you can enter a plea of not guilty, in which case this will be set down for a second or evidentiary violation of community control hearing.
If you qualify under the criteria for indi-gency, you may be entitled to have an attorney appointed to represent you at that hearing. Let me give you a copy. Here is the petition. Why don’t you to [sic] take a look at it. If you wish to speak to the Public Defender, you may do so and then when you’re ready, tell me and we’ll go ahead and proceed.
Appellant briefly consulted with the public defender, who shortly thereafter entered a not guilty plea on the appellant’s behalf:
THE COURT: [H]ave you had an opportunity to read the charges?
[APPELLANT]: Yes.
THE COURT: Do you understand what they say?
[APPELLANT]: Yes.
THE COURT: How do you wish to plead?
[PUBLIC DEFENDER]: Well, Judge, on the first one, he — I just spoke to him briefly. On his first one he’s charged with a — It’s based on the substantive charge. I believe he has a trial date or he has—
[APPELLANT]: I’m waiting on it.
[PUBLIC DEFENDER]: He’s awaiting trial. So, on that charge, he’s going to plead not guilty. I don’t know what he’s going to do on that second—
APPELLANT: No contest.
The right to counsel is among the due process guarantees in Article I, Section 16, of the Florida Constitution, and the Sixth and Fourteenth Amendments of the United States Constitution. Appellant contends that his plea of no contest to the violation of community control charge was uncoun-seled, as he did not have the benefit of appointed counsel, and had only a brief time to confer with the public defender who was assigned to the courtroom. The state concedes that appellant, as a juvenile, was entitled to the assistance of appointed counsel throughout the proceedings below, under In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), and in accord with Florida Rule of Juvenile Procedure 8.290(a) and section 39.041(1), Florida Statutes (1989). See also In re L.S., 560 So.2d 425 (Fla. 4th DCA 1990); J.M. v. State, 533 So.2d 778, 779-780 (Fla. 3d DCA 1988).
While it is true that appellant consulted the public defender, when the court inquired as to how appellant wished to plead, the public defender advised the court that she had only spoken to appellant briefly. She stated that appellant would enter a *258 plea of not guilty on the substantive charge, but that she did not know what he wanted to do on the violation of community control charge. Appellant interrupted and entered a plea of no contest, probably feeling he was “under the gun” as the court awaited his plea. For this reason, the offer of counsel made to appellant — a juvenile— would appear to have been inadequate. The opportunity to confer with counsel was not a meaningful one and we therefore reverse the order of delinquency and commitment to HRS.
On remand the trial court shall ensure that the appellant has advice of counsel before entering a plea or proceeding further in the case.
LETTS and DELL, JJ., concur.

. We do not address the appellant’s arguments attacking the order of restitution and claiming the lack of ability to pay. This is because the appellant failed to file a timely appeal of that order.