PER CURIAM.
We affirm the trial court’s denial of appellant’s Rule 3.800(a) motion to correct illegal sentence. In 1996, appellant was convicted of two counts of armed robbery in this case and sentenced as a habitual violent felony offender (HVFO) to life in prison. Appellant claims in this motion that he was not represented by counsel at a 1992 violation of probation (VOP) hearing that resulted in his adjudication of guilt in a 1989 case that was used as a predicate for the HVFO sentence.[1] See State ex rel. Alton v. Conkling, 421 So.2d 1108 (Fla. 5th DCA 1982) (citing Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) (“Previous convictions obtained without counsel or waiver of counsel may not be used to enhance punishment under a recidivist statute”)).
Appellant’s claim cannot be determined from the face of the record and is procedurally barred. Appellant did not timely challenge the 1992 revocation of his probation; nor did he challenge the use of the 1992 conviction as a predicate offense at sentencing. The issue should have been raised at sentencing, and on direct appeal if necessary, or in a timely motion for postconviction relief under Rule 3.850. Even if the claim was not barred, appellant’s motion is insufficient as appellant failed to allege that he did not waive counsel at the VOP hearing and that he did not otherwise qualify as an HVFO.

Affirmed.

STEVENSON, TAYLOR and GERBER, JJ., concur.

. The law in effect in 1994, when appellant committed the armed robberies at issue, provided: "For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period.” § 775.084(2), Fla. Stat. (1993) (emphasis supplied). The armed robberies were not committed during the probationary term.